# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

ROBERT ALLEN GADDIE,　　　　)
　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　　No. 1:11-cv-1595-JMS-DKL
　　　　　　　　　　　　　　　)
STAN KNIGHT,　　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　)

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

**I.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Robert Gaddie for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be dismissed.

Gaddie has filed a prior habeas action in this court, docketed as No. 1:03-cv-744-DFH-VSS, challenging his Marion County conviction for unlawful possession of a firearm by a serious violent felon. The prior habeas action was denied in an Order issued on February 3, 2004.

Gaddie has now filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action. The disposition in No. 1:03-cv-744-DFH-VSS was based on the determination that the Indiana Court of Appeals provided fair process and engaged in reasoned, good faith decision-making when it determined that the evidence in this case was sufficient to support the jury's finding of guilt. That disposition was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Gaddie's motion to proceed *in forma pauperis* [2] is **granted**. Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Gaddie has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/06/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana